[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence December 23, 1992 Date of Application May 23, 1993 Date Application Filed May 23, 1993 Date of Decision May 24, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford.
John E. Franckling, Esq. Defense Counsel, for Petitioner.
John Dropick, Esq. Assistant State's Attorney, for the State.
MEMORANDUM OF DECISION
BY THE DIVISION
On June 1, 1992, after a plea of guilty, petitioner was convicted of larceny in the sixth degree as a persistent larceny offender in violation of Connecticut General Statutes § 53a-40c and § 53a-125b. A sentence of five years execution suspended with five years probation was imposed. The probation included special terms and conditions.
After hearing held pursuant to Connecticut General Statutes § 53-32, on December 23, 1992, petitioner was found to be in violation of probation. As a result of this violation of probation the order suspending execution of the sentence was revoked and the five year sentence was put into execution.
As a condition of the probation imposed in the original sentence of June 1, 1992, petitioner was required to complete a program of drug rehabilitation at Daytop. The principal CT Page 6715 claim at the hearing of December 23, 1992 was that petitioner left Daytop without permission, thereby violating his probation.
At the hearing on the petition for sentence review, petitioner's attorney and petitioner claimed that the violation of probation was only technical. The attorney argued that petitioner in fact had permission to leave Daytop.
The attorney argued that, under the circumstances, the sentence imposed was disproportionate and should be reduced to 18 months. Speaking on his own behalf, petitioner stated that he was confused about his responsibilities and he left because he was in shock over being informed that he was HIV positive after being assured that he was not. Petitioner also stated that he went back to Daytop and sought to be readmitted.
The state's attorney argued that the sentence should not be reduced. He stated that at the time the original sentence was imposed the judge made it clear what would happen in the event of a violation. The attorney also stressed petitioner's prior criminal record and that there was a true violation of probation.
At the time the original sentence was imposed the sentencing judge considered petitioner's long criminal record and the fact that he was a persistent larceny offender. The Judge gave petitioner an opportunity to rehabilitate himself by imposing a difficult intensive probation program which would enable petitioner to do so. At the violation of probation hearing the same judge found that petitioner had not taken advantage of this opportunity and had in fact violated his probation.
The record indicates that petitioner has a long record of criminal convictions. His criminal record includes 30 or more convictions, and three prior violations of probation. He has been convicted of being a persistent larceny offender.
Considering all of the factors affecting the sentence, it cannot be found that the sentence imposed was inappropriate or disproportionate in light of the nature of the violation of probation, the character of the offender and the protection of the public interest. CT Page 6716
Sentence affirmed.
Purtill, J. Klaczak, J. Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.